## Roger C. Lee and I. A. Lee v. Paul Wheeler

[298 A.2d 851]

No. 52-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*James C. Gallagher, Esq.,* of *Downs, Rachlin & Martin,* St. Johnsbury, for Plaintiffs.

*Kinney & Carbine,* Rutland, for Defendant.

**Shangraw, C.J.** This is an action for damages brought by reason of a collision between an automobile owned by plaintiffs, operated by plaintiff Roger C. Lee, and one owned and operated by the defendant. The case was tried by the Rutland County Court on the 10th day of February, 1972. Findings of fact were made by the court and judgment entered for the plaintiffs to recover damages in the amount of $287.40 and costs of $42.40. The defendant has appealed to this Court from the judgment order.

In its conclusions of law the trial court determined that the defendant operated his motor vehicle in a careless and negligent manner and that his negligence was the sole and proximate cause of the property damage occasioned by the plaintiffs.

The single issue nurturing defendant's appeal is a simple one. It is claimed by him that the court erred in failing to find contributory negligence on the part of the plaintiff Roger C. Lee. The following factual situation as determined by the court in its findings is not in dispute, nor the amount of plaintiffs' damages.

On January 27, 1969, at approximately 7:30 A.M., the defendant entered Route 7 in the Town of Pittsford from his homestead premises at a speed of approximately 20 miles per hour and was proceeding southerly thereon. Plaintiff Roger C. Lee was also travelling south on Route 7 at approximately 30 to 40 miles an hour. He came up behind the defendant's

automobile and followed it for approximately one-third of a mile to a point near the Knotty Pine Restaurant, so-called. At this point, plaintiff Roger C. Lee, in an area of a straight highway and in a passing zone, turned on his directional lights, sounded his horn, turned into the left lane which was clear of approaching traffic, and attempted to pass the defendant's automobile.

As the plaintiff was attempting to pass and approximately even with the rear portion of the defendant's vehicle, the defendant, without signalling manually or mechanically, turned left across the highway in order to enter the parking area around Larry's Diner, so-called. As a result the plaintiff put on his brakes, "laid on the horn", but was unable to avoid a collision and, hence, the plaintiffs' vehicle struck the defendant's vehicle in the left rear portion thereof.

The temperature at the time was approximately zero degrees, and the rear window and outside rearview mirror of defendant's vehicle were covered with frost. Uncontroverted evidence clearly indicated that the defendant neither looked to the rear before turning his automobile to the left nor could he have seen anything if he had looked.

Mr. Lee testified that at the time of the accident, and for some period prior thereto, he had a Pepsi Cola bottle "between my legs." He also testified that such fact did not impede his operation of the automobile.

Defendant makes no claim that he was not negligent at the time of the accident. To defeat plaintiffs' recovery he hinges his assignment of error on the claim that Mr. Lee was contributorily negligent as a matter of law, thereby barring recovery, by the operation of his automobile with the bottle between his legs. In our consideration of this assertion of contributory negligence attention is called to the following well accepted principles as laid down by this Court.

Contributory negligence does not bar, nor under 12 V.S.A. § 1036, reduce recovery, unless it is the proximate cause, or a part thereof, of the accident. Where there is more than one cause concurring to produce the injury, and one such cause is charged against the plaintiff, the burden of proof on that issue is on the defendant. *Choiniere* v.

*Sulikowski,* 126 Vt. 274, 278; 229 A.2d 305 (1967). The burden of proof rested on the defendant to show contributory negligence on the part of Mr. Lee. *Beaucage* v. *Russell,* 127 Vt. 58, 63, 238 A.2d 631 (1968). Like the question of negligence, proximate cause is a question for the finder of facts to determine even in the case of a violation of a safety statute. *Smith* v. *Blow & Cote, Inc.,* 124 Vt. 64, 67, 196 A.2d 489 (1963).

The defendant has failed to demonstrate, nor does the evidence indicate, that Mr. Lee's conduct in the operation of his automobile contributed in any way to the causation of this accident.

The trial court's determination that the negligence of the defendant was the sole and proximate cause of the accident is amply supported and should not be disturbed.

*Judgment affirmed.*