## Joseph H. Fournier v. The Estate of Armand Loiselle

[326 A.2d 155]

No. 170-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 1, 1974

*L. John Cain, Esq.,* Burlington, for Plaintiff.

*Michael B. Clapp, Esq.,* of *Dinse, Allen & Erdmann,* Burlington, for Defendant.

**Keyser, J.** Plaintiff was injured when the car in which he was a passenger was struck from behind by an automobile operated by defendant's decedent, Armand Loiselle. Mr. Loiselle died within a few days of the accident, and this suit was subsequently brought against his estate. The cause was tried before a jury, and a verdict based upon decedent's negligence was returned in favor of plaintiff in the amount of $1,200.00. Plaintiff now brings this appeal contending that

the verdict is nominal and was compromised as a result of improper admission of certain expert medical testimony offered by defendant. This testimony was offered to establish that Mr. Loiselle had suffered a spontaneous perforated ulcer immediately prior to the collision and was thus rendered incapable of adhering to the requisite standard of care.

Plaintiff's counsel made timely objections to the subject testimony on two grounds: (1) that it was offered to establish an affirmative defense which had not been pleaded; and (2) that it was entirely speculative and therefore incompetent. His record was well protected to challenge the trial court's ruling on this issue. But the challenged testimony was relevant only to the question of decedent's negligence. See *Largess* v. *Tatem*, 130 Vt. 271, 291 A.2d 398 (1972); *Steele* v. *Lackey*, 107 Vt. 192, 197, 177 A. 309 (1935). That question was decided against defendant when a plaintiff's verdict was returned. Plaintiff's essential contention here is based upon the issue of adequate damages, and this issue was never presented for the trial court's consideration. We must thus determine at the outset whether this case is a proper one for our consideration.

■ It is urged here that the damages are inadequate because the jury compromised its verdict after hearing the challenged testimony concerning the decedent's liability. A compromised verdict results when some jurors surrender conscientious convictions on one issue in return for a similar surrender by other jurors on another issue. *Parizo* v. *Wilson*, 101 Vt. 514, 523, 144 A. 856 (1929). The threshold determination in considering whether a verdict has been compromised, however, is whether the jury could reasonably have calculated the damages awarded on the evidence presented and "we will not interfere unless it appears that the jury's determination is so small that it plainly indicates the award was the product of prejudice or other misguidance which undermines its validity as a verdict." *Quesnel* v. *Raleigh*, 128 Vt. 95, 100, 258 A.2d 840 (1969).

It follows, therefore, that resolution of the compromised verdict question proceeds upon considerations independent of the proper or improper admission of evidence. Even if no

challenge is made to the admission of evidence, a trial court may still be required, in the exercise of its discretion, to set aside a verdict where the plain inference can be drawn that it was reached by the surrender of conscientious convictions by some of the jury. See *Wilford* v. *Salvucci*, 117 Vt. 495, 95 A.2d 37 (1953). Had such a motion been made in the instant case, the trial court's ruling would not have turned upon whether the challenged evidence was properly or improperly admitted, but rather upon the question of whether the amount awarded was justified under the evidence presented *as to damages*. Only when such justification is found lacking will the court look further into the possibility of a compromise.

The absence of an opportunity for the court below to consider the question of a possible compromised verdict precludes an appellate determination of the issue. *Merrill* v. *Reed*, 123 Vt. 248, 185 A.2d 737 (1962).

Moreover, it is apparent from the record that the low verdict was the result of seriously conflicting testimony as to the extent of the plaintiff's damages and not any compromise on the part of the jurors. The verdict is amply supported by the record.

*Judgment affirmed.*