Richard BENNER et al.

v.

**INTERSTATE CONTAINER CORP.**

Civ. A. No. 74–3090.

United States District Court,
E. D. Pennsylvania.

Feb. 8, 1977.

James F. Mundy, Raynes, McCarty & Binder, Philadelphia, Pa., for plaintiffs.

William F. Sullivan, Jr., Post & Schell, P.A., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VanARTSDALEN, District Judge.

This is a diversity action for personal injuries based upon negligent operation of a motor vehicle. A jury returned a verdict as follows:

(1) In favor of plaintiff Susan Benner and against defendant Interstate Container Corporation in the sum of Eight Thousand One Hundred Twenty-six Dollars and Fifty-three Cents ($8,126.53.)

(2) In favor of plaintiffs Richard Benner, Sr. and Susan Benner as parents and natural guardians of Richard Benner, Jr., against defendant Interstate Container Corporation in the sum of One Thousand One Hundred Thirty-five ($1,135.00).

(3) In favor of defendant Interstate Container Corporation and against plaintiff Richard Benner, Sr., for contribution as to the verdict in favor of both Susan Benner and the Benner parents in behalf of Richard Benner, Jr., for Four Thousand Six Hundred Thirty Dollars and Seventy-six Cents ($4,630.76).

The plaintiffs have filed a motion for a new trial and they raise sixteen (16) grounds in support thereof. Upon careful consideration of all these grounds, and defendant's responses thereto, the motion will be denied.

### I.

The plaintiffs and their young son suffered personal injuries as a result of a colli-

sion of the van in which they were riding with a tractor trailer owned by the defendant and operated by its agent. The plaintiffs' theory of recovery was that the defendant's driver's negligence caused the tractor trailer to strike plaintiffs' van in the rear as the van was attempting to negotiate a left-hand turn at a traffic intersection. The defendant contested the assertion of negligence, raised the defense of contributory negligence, counterclaimed for damages to the tractor trailer, and counterclaimed for contribution should it and one or more of the plaintiffs be found jointly responsible for the injuries to any remaining party.

A jury returned a general verdict as described above. Although the jury made no special findings, it is implicit in the verdict that the jury found:

> (1) the defendant's driver to have been negligent;
>
> (2) Richard Benner, Sr., to have been negligent, either as a driver or passenger;
>
> (3) Susan Benner not to have been negligent;
>
> (4) Richard Benner, Sr., not to have been the agent of Susan Benner, at least at the time of the accident;
>
> (5) the negligence of the defendant's driver and Richard Benner, Sr., to be proximate causes of the accident which resulted in injuries to Susan Benner and Richard Benner, Jr.

## II.

The plaintiffs offer many grounds to support their request for a new trial. It would appear that two of these contentions warrant discussion, and the remainder are dismissed without discussion.

■ First, the plaintiffs contend the court's failure to declare a mistrial when the jury initially returned an inconsistent verdict constitutes error. I disagree. The jury *did* return an inconsistent verdict in that it gave recovery to both plaintiff Susan Benner and the defendant. However, after additional instructions by the court on contribution, the jury deliberated further and returned a consistent verdict. There is both federal and state case law, though no Third Circuit case on point, to support the proposition that the trial judge should not receive an inconsistent or perverse verdict, and may request the jury upon proper instruction to further deliberate in such a case. *See, e. g., Craigie v. Firemen's Ins. Co.*, 191 F.Supp. 710 (D.Minn.1961), *aff'd*, 298 F.2d 457 (8th Cir. 1962); *Cf. Haddigan v. Harkins*, 441 F.2d 844 (3d Cir. 1970). It would appear from the colloquy of the court and the jury that the jury found both the defendant and plaintiff Richard Benner, Sr., to have been negligent, but was confused as to defendant's right to contribution. We should not lose sight that what may seem to be a simple legal principle in the minds of members of the bench and bar may prove to be confusing to a lay jury. The final verdict cannot be set aside merely because of this initial confusion as to defendant's right to contribution.

■ Second, the plaintiff contends it was error for the trial judge to: (1) permit testimony by an expert to the effect that had plaintiff Susan Benner been wearing her seat belt the serious injuries to her back would have been avoided; and (2) to instruct the jury that non-use of a seat belt, if unreasonable could be considered in mitigation of damages. The court recognizes the absence of controlling Pennsylvania case law on the issue of whether the so-called "seat belt defense" can be used in mitigation of damages. We also recognize the serious split on this issue in other jurisdictions; *see Vizzini v. Ford Motor Co.*, 72 F.R.D. 132, 138 (E.D.Pa.1976), and even in the district courts of our own circuit. *Compare Vizzini, supra,* with *Pritts v. Lowery Trucking Co.*, 400 F.Supp. 867 (W.D.Pa. 1975). However, I feel this type of instruction, guarded by the admonition that any non-use must be *unreasonable* in order to be considered, is proper. The expert testimony admitted over objection that Susan Benner's serious back injuries would have been avoided had she worn a seat belt may have served to cause the jury to diminish her award. This we do not know. However, no

expert evidence was ever offered by plaintiffs to the effect that had Susan Benner worn a seat belt her injuries while strapped in the seat might have been more egregious due to the collapsed roof of the van; nor would I have prevented such evidence. In fact, plaintiffs' counsel in closing argument specifically alluded to this possibility and urged the jury to examine the photographs of the van which revealed portions of the roof being crushed. I believe the admission of this evidence, coupled with expert testimony that non-use of the seat belt resulted in the fractured back, and the instruction in question were proper.

The motion for a new trial will be denied.