## Jack I. Frost, et al. v. Albert Tisbert

[376 A.2d 748]

No. 241-76

Present: **Barney, C.J., Daley, Larrow, and Billings, JJ., and Shangraw, C.J., (Ret.), Specially Assigned**

Opinion Filed June 7, 1977

*William C. Sennett*, Bennington, for Plaintiffs.

*Charity A. Downs* and *Robert H. Moyer* of *Conley and Foote*, Middlebury, for Defendant.

**Barney, C.J.** This is a negligence action. The plaintiff was almost seventeen years old and under a commitment to the Vermont Department of Social Welfare. That agency had assigned control and supervision of the plaintiff to the defendant, who operated a farm. While working on that farm, the plaintiff suffered permanent injury to his right hand. Trial of his claim was by court, and he was awarded damages. The defendant has appealed here the issues of contributory negligence and assumption of the risk, as well as a claim of inconsistencies in the findings that make the result fatally deficient.

In working for the defendant, the plaintiff was closely supervised. He had been told to keep his hands off all machinery on the farm unless the defendant gave him permission. He operated no machinery except the milking machines, and, to a limited extent, tractors. This last limitation on tractors became a prohibition when one toppled over while he was operating it.

On the day of the accident, the defendant had asked the plaintiff to come to the silo with him to help remove silage for feeding. For some reason, the silo conveyor would not work when the defendant pressed the starter button. There was apparently some conversation to the effect that it was "binding." The plaintiff stepped to the belt and pulled on it "for about a minute" in an attempt to free it. In the meantime, the defendant reactivated the switch and the belt started up, injuring the plaintiff. It is conceded that the starting up of the belt was the proximate cause of plaintiff's injury.

■ The trial court, in its findings and conclusions of law, made no mention of assumption of risk or of contributory negligence. Both of these issues were raised in the pleadings. In *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 221-23, 315 A.2d 463 (1974), we held that if the evidence does not support the issue, it is not error to fail to so state in the findings and conclusions. The better practice is, however, to remove all doubt by an appropriate statement.

■ As to assumption of risk, there is no doubt that it was not here present. In our law it is, of course, an affirmative defense to be established by the defendant. V.R.C.P. 8. Its elements, and its close application, have already been well stated in *Johnson* v. *Fisher*, 131 Vt. 382, 385, 306 A.2d 696 (1973). The risk to be assumed in this case was that the defendant would start the conveyor belt while the plaintiff was attempting to free it, without checking on the plaintiff's situation. The evidence does not support such a proposition.

■ Although the defendant speaks in the brief of contributory negligence, the issue is more accurately put in the pleading of it as an affirmative defense. What was once contributory negligence has become a measuring of comparative negligence. 12 V.S.A. § 1036. Thus the burden has become for the defendant one of not only showing negligence on the part of the plaintiff forming part of the proximate cause of the accident, but that it exceeded any negligence on the part of the defendant. In the trial court's view of the evidence as reflected in the findings, the defendant did not meet this burden, and that result is sufficiently supported by evidence in the case. Thus we find no error. V.R.C.P. 52; *LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 45, 330 A.2d 468 (1974).

■ The defendant claims that the findings are defectively drawn and inconsistent. We have examined them and agree that they contain redundancies and are, in some findings, inartfully drawn. In part, this may be due to the fact that they were copied uncritically from requests submitted by both plaintiffs and defendant, a practice we have previously condemned. *Central Cab, Inc.* v. *Ironside*, 126 Vt. 356, 360-61, 230 A.2d 790 (1967). However, these flaws are not sufficient to put the findings in true substantive conflict or make them unsupportive of the judgment. It is our duty to construe them in support of the result reached if we reasonably can, and we are able to do so here. *Armstrong* v. *Hanover Insurance Co.*, 130 Vt. 182, 185, 289 A.2d 669 (1972).

*Judgment affirmed.*