# Albinas Grazulis, Peter Aushra and M. & N.E.R.I.S. Engineering Company v. Frank Blanchard Curtis, Jr. and Jane Lono Curtis

[543 A.2d 1324]

No. 86-258

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed February 26, 1988

*Thomas M. French*, Brattleboro, for Plaintiff-Appellant.

*Carbine, Pressly & Seager*, Rutland, for Defendants-Appellees.

**Dooley, J.** This negligence action arose out of an automobile accident at the corner of Main and High Streets in Brattleboro. Plaintiff appeals from a jury verdict in his favor arguing that the damage award was inadequate, in part because the trial judge charged the jury that it could consider the negligence of the plaintiff in determining the damages to award him. We affirm.

Plaintiff alleged that he was waiting at a traffic light when defendant negligently turned his vehicle into plaintiff's lane of traffic and struck him. As a result of this accident, plaintiff alleged that several bottles of sulfuric acid and other chemicals were sprayed on him causing extensive injury. He sought damages for his injuries.

Defendant's answer included the defenses of assumption of the risk, contributory negligence, and superseding intervening cause. At trial, defendant essentially admitted that he was negligent in running his vehicle into that operated by plaintiff. However, he

vigorously contested that the injuries claimed by plaintiff, to the extent they existed, were caused by the accident and claimed that plaintiff was negligent in carrying the acid and chemicals in a way that they would spill from a relatively mild collison.

Following the evidence, the court charged the jury emphasizing the applicable law on damages. The court charged that the defendant must take the plaintiff as he finds him but that damages caused or aggravated by the negligence of the plaintiff were not compensable. Plaintiff objected to the latter part of the charge because there was no "evidence of contributory negligence in this case at all." There was no ruling directly on this objection.

Although plaintiff's evidence showed doctor and hospital bills in excess of $11,000, the jury returned a verdict for only $3,500. The court refused to grant a new trial or an additur as requested by plaintiff. Plaintiff appeals claiming here that the court should have granted a new trial because of errors in the instruction and that the damages must be increased in light of the evidence. We affirm.

■ Plaintiff's first argument relates to the jury charge. He argues that it was error to charge that defendant was not responsible for injuries caused by plaintiff's negligence because there was no evidence of contributory negligence. Defendant disputes this position and also argues that plaintiff failed to preserve the issue by a specific objection after the charge as required by V.R.C.P. 51(b). We agree that plaintiff failed to properly preserve the question.

Under V.R.C.P. 51(b), a party cannot assign as error the giving of an instruction "unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The point of this requirement is to allow the trial judge to hear the objection and correct the charge before the jury retires. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2554 (1971). We have held that a general objection stating that the court should not have charged assumption of the risk in a negligence case was insufficient because it did not inform the court of the claim of error. *Paton* v. *Sawyer*, 134 Vt. 598, 602-03, 370 A.2d 215, 218 (1976); see also *Sachse* v. *Lumley*, 147 Vt. 584, 588, 524 A.2d 599, 601 (1987) (general statement that an objection to part of the charge is renewed is insufficient when the specific ground of objection had not been previously stated).

While we do not want to apply Rule 51(b) in an overly technical manner, we believe plaintiff failed to apprise the trial court of the objection sufficiently for the trial judge to make an intelligent response. The effect of plaintiff's negligence, if any, involved a series of complicated issues that neither party fully comprehended. Defendant pled contributory negligence and argued to the jury, both in opening and closing, that plaintiff did not exercise due care in carrying a large quantity of dangerous material in a way that it could easily cause harm. In fact, plaintiff testified that the material would be safe if he drove defensively, showing that he realized the possible result if his car was struck.

Plaintiff's negligence, if any, went only to the extent of his injury and not to the cause of the accident. It is clear that if plaintiff was negligent and this negligence was relevant, it could affect recovery in one of two ways.* Plaintiff's negligence could be raised as a defense to liability and either defeat liability or diminish damages under our comparative negligence statute. See 12 V.S.A. § 1036. Alternatively, plaintiff's negligence could be used to apportion damages according to which cause resulted in those damages, assuming the damages could be divided. See Restatement (Second) of Torts §§ 433 A, 454 (1965 & Supp. 1986-87). Judge Coffrin in the United States District Court for the District of Vermont recently analyzed these theories in a similar case. See *Smith* v. *Goodyear Tire & Rubber Co.*, 600 F. Supp. 1561 (D. Vt. 1985). In *Smith,* defendants claimed that plaintiff was contributorily negligent in failing to wear a seat belt when the auto accident that gave rise to the case occurred. Recognizing that the seat belt defense went to damages only, Judge Coffrin held that it would be charged to the jury where they could find that the fail-

_____

* Plaintiff's theory, of course, is that his negligence, if any, would be irrelevant because it was not a proximate cause of the "accident." Plaintiff argues that even if his own negligence contributed to the magnitude of the resulting injuries, such negligence cannot affect the amount of damages to which he is entitled if it was not a cause of the initial accident. Some of our cases might be read to support this proposition, although they have not dealt with the specific issue present in the instant case. See *Duncan* v. *Wescott*, 142 Vt. 471, 475-76, 457 A.2d 277, 279 (1983) (plaintiff's actions were not proximate cause of "either the accident or [plaintiff's] injuries"); *Frost* v. *Tisbert*, 135 Vt. 345, 347, 376 A.2d 748, 749-50 (1977) (contributory negligence must be "part of the proximate cause of the accident"); *Lee* v. *Wheeler*, 130 Vt. 624, 626, 298 A.2d 851, 852 (1972) (contributory negligence must be "proximate cause, or a part thereof, of the accident").

ure to wear the belt was a proximate cause of plaintiff's injuries to be compared to the defendants' causal negligence under the comparative negligence statute. He rejected the argument that our cases allowed the defense of contributory negligence only when it was shown to be the proximate cause of the "accident." He further held that the use of the comparative negligence statute in such a case is the same as allowing the jury to consider plaintiff's negligence in apportioning damages. *Id.* at 1566.

We need not reach the substantive issues raised in *Smith* to decide this case. Here, the parties gave no guidance to the trial court on the relevant theories of liability and damages. When asked about requests to charge, both parties answered that the case was straightforward and no requests were needed. In the absence of guidance from the parties, the trial judge chose to charge that plaintiff's negligence, if any, could be considered on damages. Plaintiff's objection was not responsive to the charge given nor was it technically accurate in view of defendant's theory of the case. Thus, we think the situation was similar to that in *Paton* v. *Sawyer* and plaintiff failed to preserve the issue.

■ Plaintiff's second claim is that the damages awarded by the jury were inadequate in view of the undisputed evidence in the case. Our law is that if the plaintiff is entitled to recover, he is entitled to recover a reasonable amount for the damages that are shown to have resulted from the accident. *Nourse* v. *Austin*, 140 Vt. 184, 185, 436 A.2d 738, 739 (1981); *Kerr* v. *Rollins*, 128 Vt. 507, 513, 266 A.2d 804, 808 (1970). We will not uphold a verdict where there is evidence that the jury "compromised its verdict." *Fournier* v. *Estate of Loiselle*, 132 Vt. 601, 602-03, 326 A.2d 155, 156 (1974).

While defendant in this case admitted liability, he pursued two theories to minimize damages. First, he argued that plaintiff's damage claims were unbelievable at least in part because he failed to report his injuries and seek medical care when it would have been reasonable to do so, and he had been involved in three prior automobile accidents that could have caused his injuries. Second, he argued that most of plaintiff's injuries were caused by his own negligence in carrying the acid and other dangerous chemicals. Under either theory, the jury could have greatly reduced plaintiff's claim in determining what was compensable. Accordingly, there is no showing of compromise or failure to award

all the damages to which plaintiff was entitled. Plaintiff's claim has no merit.

*Affirmed.*