## Marjorie Anne Berger v. William Thomas Berger

[417 A.2d 921]

No. 399-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

Motion for Reargument, Not Being Timely Filed, Denied June 25, 1980

Motion To Stay Mandate, for Enlargement of Time, and for Suspension of Rules Denied July 15, 1980

368

Theodore S. Mandeville, Jr., of Keyser, Crowley, Banse & Kenlan, Rutland, for Plaintiff.

Stephen A. Reynes of Niles, Johnson & Gibbs, Woodstock, for Defendant.

Larrow, J. Plaintiff below appeals from the trial court's dismissal of her complaint. In that complaint, she sought to enforce claimed arrearages in alimony and support payments under an interlocutory divorce decree obtained in California in 1962, by default. Upon application therefor, the California trial court ordered a writ of execution to issue on February 7, 1977, for a found delinquency of $60,649.13.

Defendant has been a resident of Italy since 1966, and plaintiff has been at all times a resident of California. This action was brought in Vermont because of the 1977 death of defendant's mother. Defendant became a legatee and devisee of a one-fourth interest in her estate, which plaintiff sought to attach. Defendant was served personally, in this action, in Italy. Upon his motion, the trial court dismissed plaintiff's complaint, without specification of grounds, but apparently upon the two grounds raised by his motion, i.e., insufficient Vermont contacts for personal jurisdiction under Shaffer v. Heitner, 433 U.S. 186 (1977), and lack of entitlement of the California judgment to full faith and credit.

■ We note at the outset that a serious question exists as to whether or not the second ground for the motion was sufficiently pleaded, as an affirmative defense, to be raised. V.R.C.P. 8(c) ; *Cook* v. *Cook,* 342 U.S. 126 (1951). The only ground for defendant's motion to dismiss which might be construed to raise this issue was stated as "3. Insufficiency of service process [*sic*] upon defendant, William T. Berger." No reference is made to *what* service of process is deemed insufficient, and the ordinary and usual construction would be that the pleading refers to the instant case, not to a prior one in another jurisdiction. But the issue was the subject of the memoranda filed below by both parties, and they and the court seem to have considered it as sufficiently raised. We will so treat it. V.R.C.P. 15(b).

As to both issues which the parties brief and argue, the record is lacking of any factual determinations by the trial court, presumably because the parties agreed to a ruling upon the motion to dismiss without further hearing. They appear to have conceded, and to now concede, a total lack of residence of either party in Vermont, at any material time. It further appears that the only claim of "minimum contacts" of the defendant with Vermont is his undistributed share in his mother's estate. The trial court evidently felt that the requirements of *Shaffer* were not met. We disagree.

In *Shaffer,* a long line of cases founded on *Pennoyer* v. *Neff,* 95 U.S. 714 (1878), was overruled. These previous holdings were to the effect that by attaching property of a nonresident defendant within the state, the courts of that state acquired jurisdiction (denominated "quasi in rem") to render a judgment subjecting that property to a claim against the defendant, regardless of the nexus between the claim and the property or the state.

Our previous V.R.C.P. 4, before the 1979 amendment to conform to *Shaffer,* outlined such a procedure, and this procedure was in effect when the instant suit was filed. We are not, therefore, called upon to decide whether the suit would be properly entertained were it commenced as of now, and we do not do so. Our precise question is whether, in a suit upon a judgment of a sister state, property of a nonresident defendant in this state, without more, is basis for a judgment, either in personam or quasi in rem. No question is raised about the

effect of our then applicable V.R.C.P. 4; it clearly permitted such a result by its terms.

We conclude that quasi in rem jurisdiction did in fact exist, and that *Shaffer* did not hold otherwise. A lengthy analysis by us of the holding in *Shaffer* would add but little to the great body of already existing commentary, but in general it adopts the requirement of "fair play and substantial justice" enunciated in *International Shoe Co.* v. *Washington,* 326 U.S. 310 (1945), as a requisite for quasi in rem as well as personal jurisdiction. *Shaffer,* however, was a suit upon an original, unadjudicated claim. It was not a suit upon a judgment, as is the instant action. And the Court was careful to note, *Shaffer* v. *Heitner, supra,* 433 U.S. at 210, that the Full Faith and Credit Clause makes the valid in personam judgment of one state enforceable in all other states. To this pronouncement it added footnote 36, as follows:

> Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter.

Recognizing that, under the facts in *Shaffer,* the footnote in question is dicta, we are nonetheless inclined to follow it. There is nothing in the concept of justice and fair play that requires a second opportunity to litigate the liability established by a valid judgment. The trial court was not justified, under V.R.C.P. 4 as then in effect, in dismissing the plaintiff's complaint.

The foregoing discussion, however, assumes the validity of the California judgment, put into question upon the ground that the execution order issued without service (other than that in the original action) upon the defendant. Disposition of this question could well be rested upon the ground that the validity of a judgment is presumed under *Cook* v. *Cook, supra,* and the contrary is not made to appear. The order, incorporated in the complaint as an exhibit, does not recite either the presence or absence of service upon the defendant.

Further than this, however, the argument mistakes the underlying nature of plaintiff's action. Whether or not an execution issued validly, her suit is upon the original judgment in her divorce action, the validity of which is not questioned. This is apparent from the fact that she seeks recovery not only of the sum set out in the execution order, but of an additional $6,750.00 accrued arrearage since the date of the execution. The holding in *Griffin* v. *Griffin*, 327 U.S. 220 (1946), is thus inapposite, as that case dealt with the validity of a second judgment lacking in the notice required by due process.

Whether or not the execution order is conclusively determinative of the arrearages then outstanding we are not called upon to decide. At issue is the order dismissing the Vermont action, presumably upon the grounds stated in defendant's motion, or at least one of them. While under California law, the marriage is not finally dissolved unless, after one year, either party moves for such final dissolution (not done in this case), the order which was initially entered seems to have the status of a final judgment, after the times for appeal or motion to vacate have expired, and to be res adjudicata on all questions determined therein. Cal. Juris. 3d *Family Law* § 674 (1972). An interlocutory judgment, unless on appropriate motion or appeal, is a final judgment of the matters therein decided, with final dissolution the only undetermined question. *Estate of Hughes*, 80 Cal. App. 2d 550, 182 P.2d 253 (1947); Cal. Juris. 3d, *supra*. The totally final nature of the original order is further demonstrated by the recital therein that each party had waived any right he or she might have to increase or decrease the amount of support regardless of the circumstances that might arise in the future.

As we previously noted, the dismissal order in the trial court did not specify which ground of the defendant's motion afforded its basis. We would, of course, sustain, were either ground tenable. But we are satisfied that the gravamen of plaintiff's action is a suit upon a valid judgment of a sister state, and that the "minimum contacts" rule of *Shaffer* does not preclude assertion of Vermont jurisdiction under our then existing V.R.C.P. 4.

*Judgment reversed and cause remanded.*