**Charles A. Nourse, Sr. and Eunice Nourse v. Avery Austin, Sr.**

[436 A.2d 738]

No. 188-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*Richards and Lawlor, P.C.*, Springfield, for Plaintiffs.

*Georgiana O. Miranda* of *McKee, Giuliani & Cleveland*, Montpelier, for Defendant.

**Barney, C.J.** The plaintiff Charles A. Nourse was injured in an automobile accident. The defendant's responsibility for the accident is not an issue on this appeal. The measure of the plaintiff's recovery is.

The jury awarded the plaintiff Charles $300.00 and his wife, Eunice, who was claiming loss of services and companionship, nothing. The plaintiffs brought a motion below asking that the verdict be set aside as to damages and granting a new trial on that issue, or, in the alternative, that the defendant agree to an additur. The grounds advanced claimed that the verdict was, based on the evidence presented, inadequate as a matter of law and justifies a determination that it was based on improper compromise and misguided application of law.

The plaintiffs put in evidence of charges for visits to various doctors, hospital charges, and expenses for drugs and examinations. The total amounted to $378.10. The defendant, on cross-examination, was able to demonstrate that not all of the charges were attributable to this accident. Discounting the charges by 50 per cent would leave a total liability for medical expenses of approximately $190, and leave only $110 for any pain, suffering and inconvenience suffered by the plaintiffs. The jury found the defendant liable for both of the plaintiffs' injuries, however. As we said in *Dusckiewicz v. Carter*, 115 Vt. 122, 128, 52 A.2d 788, 792 (1947), "If the plaintiff is entitled to recover, he is entitled to receive a reasonable amount for the damages which are shown to have resulted to him from the accident in question." The award, while adequate to cover the medical expenses, is clearly inadequate to cover pain and suffering. The judgment must be reversed.

██ The plaintiffs asked for a new trial on the damage issue only. Since it appears that the verdict itself was the result of compromise, however, justice and fairness require that the cause be remanded for a new trial on all issues, including liability. *Sawyer* v. *Ewen,* 122 Vt. 320, 327, 173 A.2d 549, 553 (1961).

*Judgment reversed and cause remanded for a new trial on all issues.*