Scheffert v. Cheney, No. S0092-11 CnC (Tomasi, J., Mar. 28, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Chittenden Unit | CIVIL DIVISION<br>Docket No. S0092-11 CnC |

Bridget Scheffert, )
)
　　　Plaintiff/Appellant, )
　v. )
)
Torri Demar Cheney, )
)
　　　Defendant/Appellee. )

Plaintiff/Appellant Bridget Scheffert makes this partial appeal from a judgment entered in her favor against Defendant/Appellee Torri Demar Cheney in the Small Claims Court. Based on an incident where Cheney admittedly pushed Scheffert into a pool and caused Scheffert injury, the lower court awarded Scheffert $1,969.70 in damages and court costs. That amount included all of the medical expenses Scheffert claimed to have incurred in connection with the incident.

The instant appeal challenges the Small Claims Court's decision to award no damages for pain, suffering or inconvenience caused by the injury that Scheffert suffered. For the reasons that follow, the Court finds in favor of Scheffert and remands this matter to the Small Claims Court to give further consideration to whether damages for pain, suffering, and inconvenience related to Scheffert's injury are appropriate in this case.

**Standard of Review**

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims procedure." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the Small Claims Court has applied the correct law, this Court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2,* 171 Vt. 542, 543 (2000) (mem.).

**Analysis**

The sole issue on appeal is whether the lower court's decision not to award damages for pain, suffering, and inconvenience is sustainable. Based on a review of the record, the Court concludes it is not. The Small Claims Court declined to award such damages based on its finding that there had been "no evidence submitted of any other pecuniary loss or any other basis on which the court could award damages for inconvenience or pain or suffering." The record, however, is to the contrary.

While the testimonial evidence did not go into great detail regarding pain and suffering, it is incorrect to say no such evidence was presented. Scheffert testified as to her increasing pain over the three days following the incident. She also stated that the pain caused her to wear different shoes, to go to the emergency room, to see her primary-care doctor, to cancel a planned trip to visit her daughter out of state, to be on crutches for a week, and to go through roughly six weeks of physical therapy. She testified that the pain

did not fully subside for approximately three months.  In addition, the medical and physical therapy records submitted to the lower court as an exhibit contain numerous examples of Scheffert's descriptions of her pain. The records purport to show that the pain continued for at least one and one-half months following the accident.

Further, Scheffert testified that she endured a number of inconveniences associated with the injury, including, among other things, the missed trip to visit her daughter, which was to help her daughter plan her wedding; and Scheffert's multiple, long-distance trips to her physical therapy appointments while trying to start a new job.

Much of this testimony and evidence was unrebutted and uncontradicted by Cheney.  Cheney did offer evidence to question Scheffert's pain on the night of the incident, but Scheffert had testified that the pain did not become aggravated until the following day.

Against this record, the lower court's finding that there was no evidence of damages in excess of the medical and physical therapy bills cannot be affirmed.

Indeed, in analogous contexts, the Vermont Supreme Court has reversed as fatally inconsistent jury verdicts that awarded payments for medical bills incurred as a result of injuries but awarded little or no damages for pain and suffering related to the same injuries.  *See Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, ¶9, 182 Vt. 349, 355 (where there was

reasonable and substantial evidence at trial that plaintiff had suffered and would suffer pain, there was no plausible explanation for jury to award medical expenses but nothing for past or future pain and suffering); *Nourse v. Austin*, 140 Vt. 184, 185 (1981) (reversing judgment where jury gave award adequate to cover medical expenses, but "clearly inadequate" to cover pain and suffering); *see also Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 530 (2d Cir. 1992) (same ).

While a decision not to award pain and suffering damages or damages for inconvenience might very well be appropriate under certain circumstances, the ruling of the court below simply stated there was no evidence presented as to pain and suffering or inconvenience. As the Court concludes that ruling to be incorrect as a matter of law, the decision in that regard must be reversed.

## Conclusion

In light of the foregoing, the ruling of the Small Claims Court that Scheffert is not entitled to damages for pain, suffering, and inconvenience is REVERSED. The matter is remanded to the Small Claims Court for a hearing to consider whether such damages are appropriate in this case.

Dated at Burlington, Vermont this __ day of March, 2011.

------------------------------
Timothy B. Tomasi
Superior Court Judge

4