LeBlanc v. Richmond, No. 66-2-10 Bncv (Hayes, J., July 5, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

SUPERIOR COURT                                                    CIVIL DIVISION
Bennington Unit                                                   Docket No. 66-2-10 Bncv

| | |
|---|---|
| Robin LeBlanc | |
|   Plaintiff | |
| | |
| v. | |
| | |
| Sheila Richmond | |
|   Defendant | |

## DECISION ON MOTION FOR NEW TRIAL OR ADDITUR

In this case, plaintiff Robin LeBlanc alleged that she was injured after slipping and falling on the stairs leading from her apartment. The defendant is her landlord, Sheila Richmond. A jury trial was held on May 16th and 17th, 2012. On the evening of the 17th, the jury returned a verdict in favor of plaintiff. On the special verdict form, the jury found that both parties were negligent, assigning 51% of the negligence to defendant. The jury indicated that plaintiff had proven damages in the amount of $25,000. In the instant motion, plaintiff moves for a new trial or, in the alternative, for additur, alleging that the jury's award of damages was inadequate in light of the evidence presented at trial.

### BACKGROUND

At trial, plaintiff sought to recover three types of damages. First, she sought $11,540.00 in lost wages. Second, she sought $34,374.71 in medical expenses.[1] Finally, she sought an unliquidated amount for pain and suffering. In her case in chief, plaintiff testified to her lost wages from her job at Price Chopper, and offered the testimony of Dr. Daniel Robbins on the issue of medical expenses.

---

[1] While the amount of medical expenses plaintiff alleges she incurred is $34,374.71, only $19,367.93 of that amount was paid, and that amount was accepted by the providers. This court allowed the jury to consider both figures, and left it to the jury to decide what amount to award.

After hearing all of the evidence, the jury retired to consider its verdict. The jury was provided with a special verdict form consisting of six questions. On the form, the jury found that both plaintiff and defendant were negligent, and assigned 51% of the negligent to defendant, with 49% attributable to plaintiff. On the question of damages, the jury was asked the following question: "What are Plaintiff Robin LeBlanc's damages, if any?" One line was provided for the jury to give its answer. On that line, the jury indicated that it found damages in the amount of $25,000.

During the course of deliberations, the jury submitted the following question: "If we pay any damages to Robin LaBlanc [sic] is it based on the % of total negligence?" The court responded in writing as follows:

> If, in the course of your deliberations, you reach section 5 of the Verdict Form, you should state the comparative levels of negligence of the two parties.

> If, in the course of your deliberations, you reach section 6 of the Verdict Form, on damages, you should state 100% of the amount of the plaintiff's damages, if any, in that section, regardless of any percentages of negligence you have determined in section 5.

Neither attorney objected to the court's response.

In the instant motion, plaintiff argues that she proved $11,540 in lost wages and $34,371.71 in reasonably necessary medical expenses, totaling $44,918.71 in liquidated damages.[2] Plaintiff argues that because the evidence supported a liquidated damages figure higher than the figure found by the jury, she is entitled to new trial or additur.

DISCUSSION

In considering a motion for a new trial or additur, the controlling question is whether the jury "could reasonably have found its verdict for damages on the evidence before it." *Brunelle v. Coffey*, 138 Vt. 367, 370 (1970) (citing *Quesnel v. Raleigh*, 128 Vt. 95 (1969)). The court must afford the jury's decision "all possible presumptive support," *Smedberg v. Detlefts Custodial Service, Inc.*, 2007 VT 99, ¶

---

[2] Alternatively, plaintiff argues that she proved at least $9,809 in lost wages (after taking into account taxes she would have had to pay on her wages), and at least $19,367.93 in medical expenses (the amount paid by her insurance and accepted in full payment), for a total of $29,176.93.

5, 182 Vt. 349, 353 (quotation omitted), and must "indulge every reasonable presumption consistent with the record." *Brunelle*, 138 Vt. at 370 (citing *Rutland Sash & Door Co. v. Gleason*, 98 Vt. 215, 225 (1924)). The motion may be granted only "if there is evidence that the jury compromised its verdict." *Ball v. Melsur Corp.*, 161 Vt. 35, 44 (1993) (quoting *Grazulis v. Curtis*, 149 Vt. 371, 374 (1988)). The fact that the trial court might have reached a different conclusion than the jury is not a basis for a new trial. *Grow v. Wolcott*, 123 Vt. 490, 493 (1963).

Affording the jury all reasonable presumptions consistent with the record, there is no basis here to disturb the jury's verdict. The jury was instructed that it should weigh the credibility of each witness, and determine what weight, if any, to assign to his or her testimony. While it is true that plaintiff presented evidence of liquidated damages in excess of $25,000, it is certainly possible that the jury did not assign as much weight to that evidence as plaintiff would have liked. For example, the jury could have disagreed with plaintiff's contention that all of her medical expenses were reasonably necessary. Indeed, during cross-examination, the defendant cast doubt on Dr. Robbins's testimony as to the medical necessity of plaintiff's medical expenses. Similarly, the jury could have found that without written documentation of her lost hours at Price Chopper, plaintiff did not prove that she incurred lost wages. Under the deferential standard of review this court must apply to the jury's verdict, plaintiff has not shown that the jury compromised its verdict.

In support of her motion, plaintiff cites two Vermont Supreme Court cases in which the court ruled that a new trial was warranted. In the first case, *Smedberg v. Detleft's Custodial Service, Inc.*, 182 Vt. 349, 2007 VT 99, the court found that the jury compromised its verdict because it "awarded plaintiff $27,015.25 in medical damages and $45,500.00 in lost wages, but awarded no damages for past or future pain and suffering or loss of enjoyment of life." *Id.* at ¶ 3. The court reasoned that when coupled with the evidence presented at trial, the jury's award of medical damages but no pain and suffering damages was internally inconsistent, and remanded for a new trial. *Id.* at ¶ 12. In the second case,

*Nourse v. Austin*, 140 Vt. 184 (1981), the court found that the jury compromised its verdict after it awarded $300 in damages following an auto accident. Finding that approximately $190 of the $300 was attributable to medical expenses, *id.* at 187, the court found that the remaining $110 was "clearly inadequate to cover pain and suffering." *Id.*

The holdings in *Smedberg* and *Nourse* rest on an inconsistency between the jury's award of medical damages and pain and suffering damages. In this case, the jury's award of damages is a single sum, and there is no principled way to distill each of the three types of damages plaintiff sought from the lump sum.[3] Because there is no basis to compare the jury's award of medical expenses to its award of pain and suffering, *Smedberg* and *Nourse* are inapposite.

While it is no doubt true that the jury's verdict comes as a disappointment to plaintiff, the evidence in the record is insufficient to overcome the high level of deference afforded to jury verdicts. Plaintiff's motion, therefore, must be denied.

<u>ORDER</u>

Plaintiff's motion for new trial, or in the alternative, additur (MPR #6), filed May 25, 2012, is **denied**.

Dated at Bennington, Vermont this 5th day of July, 2012.

_____
Katherine A. Hayes
Superior Court Judge

---

[3] It is worth noting that plaintiff did not object to the single line for damages on the special verdict form, and submitted her own proposed special verdict form that also contained a single line for damages.