### Penny Hughes Duncan v. Harold W. Wescott II and Tina M. Parker

[457 A.2d 277]

No. 82-023

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 7, 1983

472

*Biederman, Rakow & Medor, P.C.,* Rutland, for Plaintiff-Appellant.

*S. Stacy Chapman* of *Webber & Costello,* Rutland, for Defendant-Appellee.

**Underwood, J.** The plaintiff brought suit against the defendant claiming negligence in the operation of a motor vehicle. On September 25, 1976, the defendant was driving a Ford Mustang in which plaintiff was a passenger. The vehicle left the road, overturned, and landed on its roof. The plaintiff claimed to have sustained numerous injuries as a result of this accident. The defendant claimed contributory negligence on the part of the plaintiff which exceeded her negligence, if any.

The jury found that both the defendant and the plaintiff were negligent, but that the former's negligence constituted only 40% of the negligence directly and proximately causing the accident and plaintiff's resulting injuries, while the latter's negligence constituted 60% of the negligence directly and proximately causing the same. Accordingly, under our comparative negligence statute, 12 V.S.A. § 1036, the jury found for the defendant.

After the close of the evidence and prior to submission of the case to the jury the plaintiff moved for a directed verdict on liability. This was denied. She then moved that the court give no comparative negligence charge to the jury on the ground that there existed insufficient evidence to do so. She argued that there was insufficient evidence to indicate either that she had been negligent, or if she was negligent, that it proximately caused the accident and her resulting injuries. This motion was also denied.

After the verdict, the plaintiff moved for judgment notwithstanding the verdict. Alternatively, she asked that the court submit the entire matter to a new trial. These motions were denied. The court entered judgment on the verdict and this appeal followed. As grounds for appeal the plaintiff argues, *inter alia,* that the court erred by failing to direct a verdict in her favor. We agree.

Taking the evidence in the light most favorable to the defendant, as we must, *Currier* v. *Letourneau,* 135 Vt. 196, 199, 373 A.2d 521, 524 (1977), it discloses the following. On September 25, 1975, the defendant, the plaintiff, and a male companion were riding around in a Ford Mustang. All three of them were seated on the two bucket seats in the front of the car. The defendant occupied the driver's seat. The plaintiff and the male companion shared the passenger's seat. Between the two bucket seats was a floor console which housed the shifting lever. The plaintiff conceded that although she was sitting "mostly" on the passenger seat she was "partly on the console." Plaintiff voluntarily chose this seating arrangement rather than take a seat in the back of the automobile.

Just prior to the accident the defendant was driving south on Route 31, in South Poultney, Vermont. She was approaching a curve on the highway known as Davenport Corner. It had been raining earlier in the morning and the pavement

was wet. As she rounded the curve the car's right rear wheel dropped down off the paved portion of the highway and onto the dirt shoulder. She attempted to bring the automobile back onto the pavement and as she did so it began to skid and fishtail. The defendant then lost control of the vehicle and it crashed through a guard rail, went down an embankment, and rolled over ending up on its roof in a corn field. At the time of this accident there were no obstructions in the road and no other cars were in sight.

23 V.S.A. § 1091(a), a so-called safety statute, is applicable to the operation of a motor vehicle on a public highway. It provides, in part, that "[n]o person shall operate a motor vehicle on a public highway in a careless or negligent manner, . . . or in any manner to endanger or jeopardize the safety, life or property of a person."

■ The evidence, in the instant case, makes clear that the defendant operated her vehicle in such a manner as to jeopardize the safety of others. There were no other cars on the road and no obstructions in the area. Furthermore, there was no explanation offered by the defendant or any witness as to why she lost control or why the vehicle left the road. Therefore, we conclude that the evidence warrants a finding that the defendant operated her vehicle in violation of 23 V.S.A. § 1091(a).

■ The failure of a person to operate a vehicle in conformity with the safety statute establishes a prima facie case of negligence. *Zaleskie* v. *Joyce,* 133 Vt. 150, 153, 333 A.2d 110, 112 (1975). The burden then shifts to the party against whom the presumption operates, in this case the defendant, to come forward with evidence to rebut the presumption. In the instant case, the defendant failed to meet this burden; that is, she failed to demonstrate either that she did not violate the safety statute, or that if she did, that such violation was not a proximate cause of the accident and plaintiff's resulting injuries.

■ Thus, the plaintiff proved negligence as a matter of law. Furthermore, she sustained her burden of proof on the issue of proximate cause by demonstrating that her injuries proximately resulted from the defendant's violation of the

safety statute. She accomplished this via the testimony of a medical doctor who testified that with a reasonable medical certainty he could relate the plaintiff's injuries to the auto accident. Having proved that the defendant was negligent and that her negligence proximately caused the accident and the plaintiff's injuries, the plaintiff should have been granted a directed verdict on these issues.

Moreover, we find that, as a matter of law, there existed insufficient evidence upon which the plaintiff could be found to have been contributorily negligent. The defendant argued that the plaintiff was negligent because she had taken a seating position partially upon the console between the two front bucket seats. She points to the testimony of the plaintiff's expert, an orthopedic surgeon, as proof that this seating position constituted negligence. The pertinent part of that testimony is as follows:

Q. Based upon the accidents you have been involved in as far as treating patients, if someone was sitting on a console area in a car where there is a bucket seat, would you say from a medical standpoint that is a safe place to be sitting?

A. I'd say that it's not a safe place to be sitting.

The orthopedist never stated that the plaintiff's injuries were in any way caused by the plaintiff's seating position. He simply stated that he considered the console area of the car to be an unsafe position. At most, he is indicating that the plaintiff was negligent for sitting there. However, as we stated in *Lee* v. *Wheeler*, 130 Vt. 624, 298 A.2d 851 (1972), negligence on the part of the plaintiff does not bar or reduce recovery unless it is affirmatively demonstrated that it proximately caused the accident. *Id.* at 626, 298 A.2d at 852. The expert in this case never even suggested that the negligence of the plaintiff contributed to the accident or her resulting injuries. Furthermore, no evidence was presented to show that the plaintiff's seating position obstructed defendant's view or interfered with her control over the driving mechanism.

There being no evidence to indicate that any acts of the plaintiff proximately caused either the accident or her in-

juries, we hold that as a matter of law plaintiff was not contributorily negligent.

For all of the above stated reasons we hold that the plaintiff is entitled to a directed verdict in her favor on the issue of liability.

*The verdict and judgment are vacated; a directed verdict for the plaintiff on the issue of liability is hereby entered by this Court; and the cause is remanded for a new trial on the issue of damages.*