[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO SET ASIDE VERDICT AND JUDGMENT NOTWITHSTANDING THE VERDICT
In this action brought by the plaintiff Joseph Caciopoli[1]
against the defendants Michael Acampora and Yale University for damages as a result of the negligent operation of a motor vehicle, he seeks to set aside a jury verdict in favor of the defendant and for judgment notwithstanding the verdict. The plaintiff's principal claim is that, as a matter of law, he was not contributorily negligent which was the basis of the verdict against him and the issue of contributory negligence should not have been submitted to the jury. The plaintiff was a passenger in the vehicle operated by the defendant Michael Acampora and owned by the defendant Yale University (both hereinafter "defendants"). At the time of the accident he was seated on the side of a folding ladder secured to the shelves on the inside of the van and he was holding a cup of coffee. The only passenger seat was next to the defendant operator and it was occupied by a third party. The defendant, claiming that a jogger crossed the path of the van he was operating, slammed on the breaks causing the plaintiff to be thrown to the floor.
The defendant filed a special defense claiming the plaintiff was contributorily negligent. Although the court refused to submit to the jury three specifications of contributory negligence, it did allow the jury to consider whether the plaintiff was contributorily negligent because "he failed to take proper precautions for his own safety in riding in the vehicle."
The jury, through special interrogatories, found that the defendant was negligent, that the negligence was a proximate cause of the plaintiff's injuries, that the plaintiff was contributorily negligent and that his contributory negligence was a proximate cause of his own injuries. The jury found the defendant to be 49% negligent and the plaintiff to be 51% negligent and under the rules of comparative negligence; General Statutes 52-572h; rendered a general verdict in favor of the defendant.
The heart of the issue is whether, as a matter of law, the CT Page 10543 conduct on the part of the plaintiff under the facts of this case was a proximate cause of his injuries. Generally, the issue of causation is a question of fact for the jury. Coburn v. Lenox Homes, Inc., 186 Conn. 370, 384-86 (1982). There are situations where the issue becomes one of law. D'Arcy v. Shugrue, 5 Conn. App. 12
(1988). Over sixty years ago, our Supreme Court made clear that there must be "a causal relation between the act of negligence and the injury in whole or part. If not, the court, as a matter of law, should in its instruction exclude from the consideration of the jury any such claimed injury." Mahoney v. Beatman, 110 Conn. 184, 196 (1930). In the present case, there was no evidence that the conduct of the plaintiff contributed in any manner to his injuries. The incident of the plaintiff having been thrown forward which resulted in his injuries was caused solely by the negligence of the defendant.
Mahoney held that since the conduct of the plaintiff did not contribute to the cause of the collision then it could not be constitute, as a matter of law, a proximate cause of the incident. Id., 198. In Duncan v. Westcott, 457 A.2d 277 (Vt. 1983), the Vermont Supreme Court held that a plaintiff seated "partly on the console" between two bucket seats of an automobile was not contributorily negligent. "[N]egligence on the part of the plaintiff does not ban or reduce recovery unless it is affirmatively demonstrated that it proximately caused the accident." Id., 279. Accordingly, the court erred in this case by submitting the issue of contributory negligence to the jury. Surely, as in this case, when the court improperly submits an issue to the jury, which constitutes harmful error, it is required to set the verdict aside. McNamee v. Woodbury Congregation of Jehovah's Witnesses, 193 Conn. 15, 21 (1984).
Besides the issue of causation, it should be noted that there is ordinarily "very little duty" required on the part of a passenger of a motor vehicle. Brown v. Case, 31 Conn. Sup. 207,208 (1974). Where a passenger would not have been injured except for the negligence of the driver his conduct does not constitute contributory negligence as a matter of law. Old Second National Bank of Aurora v. Baumann, 86 Ill. App.3d 547, 408 N.E.2d 224,226 (1980). In the present case, merely sitting or supporting himself on the ladder would not constitute negligence.
The plaintiff argues that judgment notwithstanding the verdict be entered on the issue of liability. The court is of the opinion that the jury should on a retrial have before it the issues of both liability and damages. In this case, the jury knew the result of their finding of contributory negligence when it found the plaintiff to be 51% negligent. The motivation for a finding of 51%, as opposed to 50% which would allow for a fifty percent recovery by the plaintiff, is best left to the confines CT Page 10544 of the jury deliberating room. Although the court clearly has authority to limit the issues on a retrial, it should not do so where the limitations may work an injustice to one of the parties. Fazio v. Brown, 209 Conn. 450, 455, (1988).
Accordingly, the court grants the plaintiff's motion to set aside the verdict and order a new trial as to liability and damages. The motion for judgment notwithstanding the verdict is denied.
ROBERT I. BERDON, JUDGE