2005 VT 21

**Steven & Mary Ann SIMPSON v. Rodney ROOD, Sr.**

[872 A.2d 306]

No. 04-053

¶ 1. February 2, 2005. Plaintiffs appeal from a defense verdict in this negligence action arising out of a head-on collision in January 2000. This is plaintiffs' second appeal in the same matter. See *Simpson v. Rood*, 2003 VT 39, 175 Vt. 546, 830 A.2d 4 (mem.). In this appeal, plaintiffs challenge the trial court's instructions to the jury. Plaintiffs invite the Court to adopt the negligence-per-se standard in cases involving a violation of motor vehicle safety laws. We decline the invitation because plaintiffs have not demonstrated that a different instruction would have affected the result. Therefore, we affirm.

¶ 2. The facts are essentially undisputed. On the morning of January 29, 2000, Steven Simpson was driving his car east on Route 25 when the car in front of him swerved suddenly to the left. The sudden swerve revealed that a pickup truck was approaching Simpson in his lane. To avoid a collision, Simpson quickly applied his brakes. Nevertheless,

Simpson's car hit the pickup truck head on.

¶ 3. Simpson and his wife sued defendant Rodney Rood, Sr., the driver of the pickup truck, for Stevens's injuries, loss of consortium, and other damages caused by the accident. Defendant claimed that he was not negligent nor responsible for plaintiffs' damages because he had a sudden and unforeseeable episode of cough syncope that caused him to blackout while driving. Whether defendant suffered from cough syncope or simply fell asleep while driving was the dispositive factual question for the jury.

¶ 4. The jury returned a verdict for defendant. On appeal from that verdict, plaintiffs argue that the court's jury instructions were wrong. They assert that the court should have told the jury that if it finds defendant violated certain rules of the road, it must find him negligent, unless the jury also finds that defendant's violation was excused. Defendant argues that plaintiffs failed to preserve this issue and the Court need not reach it. We decline to address the preservation question because we conclude that plaintiffs have not shown prejudice flowing from the court's instructions.

¶ 5. Reversing a jury verdict based on allegedly faulty jury instructions is warranted where the party claiming error establishes that the instructions were erroneous and prejudicial. *Mobbs v. Central Vt. Ry.*, 155 Vt. 210, 218, 583 A.2d 566, 571 (1990). Here, plaintiffs claim the court should have given their instruction on negligence per se. Negligence per se requires a jury to find a defendant negligent if the plaintiff proves that the defendant violated a relevant safety statute. Restatement (Second) of Torts § 288B cmt. a (1965). In this case, the safety statutes at issue required defendant to drive his vehicle in the right half of the roadway, 23 V.S.A. § 1031, and to exercise ordinary care while doing so, *id.* § 1091(a). There was no dispute in this case that defendant crossed the center line of the road and therefore violated § 1031 by not staying to the right. The contested issue at trial was the cause for the violations, and, ultimately the collision.

¶ 6. The court instructed the jury that the motor vehicle laws it cited were relevant to the issue of defendant's duty and whether he breached that duty. The court told the jury that if it finds that plaintiffs have "failed to prove negligence on the part of the defendant, then [its] deliberations are concluded." The entire jury charge reflected current Vermont law on negligence cases involving safety statutes. See, e.g., *Brown v. Roadway Express, Inc.*, 169 Vt. 633, 633-34, 740 A.2d 352, 354 (1999) (mem.) (explaining that rebuttable presumption created by proof that defendant violated a safety statute disappears if defendant produces evidence that violation was justified or excused or that defendant exercised due care under the circumstances).

¶ 7. The jury heard conflicting evidence on the cause for defendant's unconsciousness. To support his theory of the case, defendant presented expert testimony from his cardiologist, Dr. Nathaniel Niles. Dr. Niles testified that cough syncope is a brief loss of consciousness after a sudden and prolonged bout of coughing. Cough syncope results from a combination of three factors: low blood pressure, decreased heart rate, and low blood flow to the brain. Although defendant suffers from angina, a condition for which he still receives treatment from Dr. Niles, Dr. Niles testified that there was no medical reason for defendant to have known that he was at risk of experiencing cough syncope.

¶ 8. Plaintiffs also presented expert testimony from a physician. Plaintiffs' expert opined that it was likely that defendant fell asleep at the wheel. The expert noted that cough syncope is so rare that he has never seen a case of it in

the forty-one years he has practiced medicine. The expert testified that cough syncope cannot be diagnosed with medical certainty, and that defendant did not describe the kind of severe coughing fit that leads to syncope.

¶ 9. Plaintiffs do not explain how the jury could have reached a different conclusion, in light of the conflicting medical evidence, had the trial court issued plaintiffs' proffered instruction on negligence per se. By rendering a defense verdict, the jury apparently rejected plaintiffs' theory that defendant fell asleep and believed defendant's explanation for what happened. Under plaintiffs' proposed instruction, even if a motorist violates a safety statute, the motorist may be excused from liability if the law recognizes the motorist's excuse. Restatement (Second) of Torts § 288A. A sudden and unforeseen medical event that causes a loss of consciousness is considered such an excuse. See, e.g., *Roman v. Estate of Gobbo*, 2003 Ohio 3655, ¶¶ 16, 21, 791 N.E.2d 422 (affirming sudden medical emergency excuse in negligence per se cases); *Hoppe v. Hughes*, 577 S.W.2d 773, 776, 778 (Tex. Civ. App. 1979) (reversing jury verdict in negligence per se case where defendant did not present sufficient evidence that he suffered a heart attack before crossing center line and colliding with another vehicle). Thus, the jury's verdict here may be viewed as a finding that defendant was negligent, but that his negligence was excused because of his medical emergency. To the extent that the court erred by not giving plaintiffs' proposed instruction, the error was not prejudicial because, given the evidence, it would not have affected the verdict.

*Affirmed.*