NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 35

No. 2020-209

| | |
|---|---|
| Sadeta Zebic | Supreme Court |
| | |
| | On Appeal from |
| v. | Commissioner of Labor |
| | |
| Rhino Foods, Inc. | January Term, 2021 |

Michael A. Harrington, Interim Commissioner

Christopher McVeigh of McVeigh ♦ Skiff, LLP, Burlington, for Plaintiff-Appellant.

David A. Berman of McCormick, Fitzpatrick, Kasper & Burchard, P.C., Burlington, for Defendant-Appellee.

PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.

¶ 1. **CARROLL, J.** Claimant Sadeta Zebic appeals the Commissioner of Labor's decision not to certify a question for review to the superior court, arguing that the Commissioner had no discretion not to certify her proposed question. We conclude that we do not have jurisdiction to hear this appeal because claimant previously appealed to the superior court, and the statutory scheme provides that a workers' compensation claimant may appeal either to the superior court or directly to this Court.

¶ 2. The record indicates the following. Claimant began working for Rhino Foods in 1999. While at work in September 2015, she slipped—but did not fall—inside a walk-in cooler,

which caused injuries to her knee and lower back. She submitted a workers' compensation claim the following month, and Rhino Foods determined that she was entitled to temporary disability benefits, which she received between October 2015 and February 2016.

¶ 3. In January 2016, claimant received arthroscopic meniscus repair surgery on her right knee. She returned to work with reduced activity the following month. That August, an occupational physician performed an independent medical examination and determined that claimant was at end medical result with respect to her lower back and knee injuries. He assessed an impairment rating of four percent for the knee condition and zero percent for the back injury. Based on the assessed knee impairment, Rhino Foods provided claimant with a lump sum payment representing permanent partial disability benefits, which the Commissioner approved as it related to the knee injury alone. See 21 V.S.A. § 648(a) (providing compensation rate for injury resulting in "partial impairment which is permanent and which does not result in permanent total disability" and explaining that "impairment" is "the percentage of impairment to the particular body part, system, or function converted to the percentage of impairment to the whole person").

¶ 4. Later in August 2016, claimant went to the emergency room because her lower back symptoms worsened. She was diagnosed with a lumbar strain and prescribed ibuprofen and diazepam. Over the next several months, her back condition was treated with "a combination of physical therapy, chiropractic care, acupuncture, steroid injections, and nonsteroidal anti-inflammatory drugs." She returned to work in October 2016 with physical restrictions. As of March 2017, claimant was working and earning the same wages as before her 2015 injury.

¶ 5. That same month, however, claimant suffered a subarachnoid hemorrhage due to a ruptured aneurysm in her left middle cerebral artery, which is one of the major arteries in the left hemisphere of the brain. Due to the risk of dying, claimant immediately underwent surgery where

2

a surgeon removed part of her skull, removed the hemorrhage, and clipped the ruptured aneurysm. The hemorrhage rendered claimant unable to work.

¶ 6.     After her hemorrhage, claimant continued to experience lower back symptoms related to her September 2015 injury.  By July 2018, she had sufficiently recovered to undergo spinal fusion surgery, which Rhino Foods approved as related to her September 2015 injury. Although she participated in physical therapy as part of her recovery, claimant was still unable to work following surgery.  In August 2019, a neurosurgeon performed an independent medical examination and placed claimant at end medical result with a twenty-eight percent impairment rating due to her lower back injury.  Factoring in claimant's subarachnoid hemorrhage, the neurosurgeon concluded that she was permanently and totally disabled.

¶ 7.     Thereafter, claimant sought temporary total disability benefits for the period between her fusion surgery, July 12, 2018, and her end medical result diagnosis on August 21, 2019, as well as vocational rehabilitation services.  See 21 V.S.A. § 642 (providing that if "injury causes total disability for work," employer shall pay employee specified amount of compensation); id. § 641(a) ("When as a result of an injury covered by this chapter, an employee is unable to perform work for which the employee has previous training or experience, the employee shall be entitled to vocational rehabilitation services, including retraining and job placement . . . ." (emphasis added)).  Rhino Foods denied claimant's claim for benefits because it concluded that she was only disabled and unable to perform work because of her subarachnoid hemorrhage, which was unrelated to her September 2015 workplace injury.  Claimant requested a formal hearing before the Commissioner.

¶ 8.     A hearing was held in December 2019 to determine three issues: (1) whether claimant's accepted lower back injury causally contributed to her subarachnoid hemorrhage in

3

March 2017; (2) whether claimant was entitled to temporary total disability benefits because of her July 12, 2018 spinal fusion surgery; and (3) whether claimant was entitled to vocational rehabilitation services. At the hearing, the parties presented competing expert testimony about whether claimant's September 2015 injury contributed to the March 2017 subarachnoid hemorrhage. The surgeon who treated claimant's subarachnoid hemorrhage testified that it was a "possibility" that the pain and stress stemming from the back injury "could have caused her blood pressure to rise and thereby contribute[d] to her hemorrhage." Another physician testified that the pain and stress caused by the lower back injury, as well as claimant's use of steroid injections and drugs to control the pain, increased her blood pressure, which in turn could have contributed to her March 2017 hemorrhage.

¶ 9. Rhino Foods presented two expert witnesses who concluded the opposite. One doctor testified that in his forty years of professional experience, he had never heard of back pain causing such a blood pressure spike to lead to the rupture of an aneurysm. He concluded that it was more likely that claimant's aneurysm presented without symptoms for many years, and her history of smoking and uncontrolled high blood pressure put her at risk of rupture at any time, regardless of the September 2015 workplace injury. The neurosurgeon who performed the August 2019 independent medical examination testified that "no objective determination in [claimant's] medical records support[ed] the theory that her post-injury pain and stress contributed to an increase in blood pressure that contributed to her subarachnoid hemorrhage."

¶ 10. In May 2020, the Commissioner issued a written decision finding that claimant had not proven a sufficient causal relationship between her 2015 workplace injury and her 2017 subarachnoid hemorrhage. The Commissioner explained that it was claimant's burden to prove the causal connection between her hemorrhage and the 2015 injury, which requires evidence to

create "in the mind of the trier of fact something more than a possibility, suspicion or surmise that the incidents complained of were the cause of the injury and the resulting disability." Claimant failed to meet this burden, the Commissioner concluded, because the weight of the evidence indicated that she was at increased risk for rupturing her preexisting aneurysm due to her age, sex, and preinjury hypertension. While the Commissioner acknowledged that claimant's treating surgeon credibly testified that her "workplace injuries <u>might</u> have impacted her blood pressure and that <u>might</u> have contributed to her eventual hemorrhage," the Commissioner also pointed out that the surgeon "refrained from asserting that it was even medically probable." Similarly, although claimant's other expert witness testified that there was a causal connection, the Commissioner found "his causal analysis far too speculative to be persuasive."

¶ 11. Based on this finding, the Commissioner concluded that claimant was not entitled to temporary total disability benefits between her July 12, 2018 surgery and her end medical result diagnosis on August 21, 2019 because her disability following her surgery was not caused by her workplace injury; rather, her hemorrhage was "an independent and superseding cause." Claimant was not entitled to vocational rehabilitation services for the same reason—her present inability to work was not the result of a work-related injury.

¶ 12. Pursuant to 21 V.S.A. § 670, claimant appealed the Commissioner's decision to the Chittenden Superior Court. Because the superior court's jurisdiction is limited to "questions of fact or questions of fact and law certified to it by the Commissioner," id. § 671, claimant proposed three certified questions to the Commissioner:

> 1. Whether [claimant]'s work-related injuries for her low back and her knee contributed to her subarachnoid hemorrhage which she suffered on March 5, 2017;
>
> 2. Whether [claimant] is entitled to temporary disability benefits for her work-related low back surgery; and

5

3. Whether the Commissioner erred in failing to use a standard of plausibility on the causal relationship between consequences of [claimant]'s work-related injury and the symptoms and treatment [of] her subarachnoid hemorrhage.

In an email to the Commissioner, Rhino Foods explained that it agreed to the first two proposed questions but objected to the third because it was a question of law "that has been firmly decided and established by the Vermont Department of Labor." Without providing a written explanation, the Commissioner only certified the first two questions to the superior court.

¶ 13. Claimant subsequently appealed the Commissioner's decision not to certify the third proposed question to this Court pursuant to 21 V.S.A. § 672. The Commissioner certified the following questions for our review:

> 1. [Whether] the Vermont Supreme Court [has] jurisdiction over this appeal given that there is a simultaneous appeal pending before the Superior Court in this case?
>
> 2. If so, where a party proposes that the Commissioner certify a question to the Vermont Superior Court, and the Department declines to do so, may that party appeal the Commissioner's denial of the proposed certified question to the Vermont Supreme Court?
>
> 3. If so, did the Commissioner err in exercising his discretion under Workers' Compensation Rule 17.2310 not to certify the following proposed question to the Vermont Superior Court: "Whether the Commissioner erred in failing to use a standard of plausibility on the causal relationship between the consequences of [claimant]'s work-related injury and the symptoms and treatment and her subarachnoid hemorrhage?"

¶ 14. Although the record is silent as to why the Commissioner declined to certify the third proposed question to the superior court, claimant assumes that the Commissioner declined to certify the question because it presented an issue of law that the Commissioner reasoned had to be appealed directly to this Court. See id. § 672 ("The jurisdiction of the [Supreme] Court shall be limited to a review of questions of law certified to it by the Commissioner."). Claimant argues

6

that we should liberally construe §§ 670, 671, and 672 so that when an appeal involves both issues of fact and law, all of the issues are appealed through the superior court. If we do not reach the Commissioner's decision not to certify the third proposed question, claimant argues that the Commissioner is effectively allowed to unilaterally decide which issues get appealed, which would undermine the purpose of creating a right to appeal workers' compensation decisions.

¶ 15. Rhino Foods argues, however, that claimant failed to preserve the issue of the legal standard for causation because she did not submit it as a disputed legal question prior to the formal hearing and cited a different standard, the prevailing standard, in her proposed findings of fact and conclusions of law.[1] See Workers' Compensation and Occupational Disease Rules, Rule 17.1330, Code of Vt. Rules 24 010 003 (providing that "[i]n advance of the formal hearing . . . each party shall file a final disclosure setting forth," among other things, "a final statement of the disputed issue(s)"). Alternatively, citing Roethke v. Jake's Original Bar & Grill, 172 Vt. 555, 772 A.2d 492 (2001) (mem.), Rhino Foods argues that we do not have jurisdiction because §§ 670 and 672 create mutually exclusive avenues for appeal. Assuming jurisdiction exists, Rhino Foods maintains that a party may not appeal the Commissioner's discretionary decision not to certify a question for review.

¶ 16. We agree with Rhino Foods that we do not have jurisdiction under § 672 because claimant previously appealed to the superior court. For that reason, we do not reach the issue of preservation and do not answer the second and third certified questions because, as claimant concedes, they are contingent upon jurisdiction. See State v. Colby, 2009 VT 28, ¶ 1, 185 Vt. 464,

---

[1] Rhino Foods also filed a motion to dismiss this appeal, arguing both that claimant failed to preserve the question of the appropriate standard for causation and that this Court lacks jurisdiction over this appeal. Because we conclude that this Court lacks jurisdiction, the motion to dismiss is moot.

972 A.2d 197 ("Because our answer to the first certified question is dispositive of the case, we do not address the second question."); Simpson v. Rood, 2005 VT 21, ¶ 4, 178 Vt. 474, 872 A.2d 306 (mem.) (declining to address preservation and resolving on alternate grounds).

¶ 17.   "The rights to appeal . . . workers' compensation decisions are circumscribed by statute." Stoll v. Burlington Elec. Dep't, 2009 VT 61, ¶ 5, 186 Vt. 127, 977 A.2d 1282.  As we have previously explained, 21 V.S.A. §§ 670 and 672 create two separate avenues to appeal a workers' compensation decision.  Roethke, 172 Vt. at 556, 772 A.2d at 493.  First, "[w]ithin 30 days after copies" of a workers' compensation decision have been sent, a party may appeal to the superior court "questions of fact or questions of fact and law certified to it by the Commissioner." 21 V.S.A. §§ 670-71.  "Should [a] claimant be aggrieved with the superior court's adjudication on the matter, he or she could appeal that ruling to this Court." Roethke, 172 Vt. at 556, 772 A.2d at 493.  Alternatively, if an appeal is not taken to the superior court, a party may appeal questions of law certified by the Commissioner to this Court. 21 V.S.A. § 672.  "The language of § 672 makes clear that these avenues for review are mutually exclusive—an appeal made to the superior court as provided in §§ 670 and 671 precludes appeal directly from the commissioner to this Court as provided in § 672." Roethke, 172 Vt. at 556, 772 A.2d at 493.

¶ 18.   In this case, claimant appealed the Commissioner's decision denying her claim for temporary total disability benefits and vocational rehabilitation services to the Chittenden Superior Court pursuant to 21 V.S.A. § 670.  By appealing to the superior court under § 670, claimant is precluded from appealing directly to this Court under § 672. Roethke, 172 Vt. at 556, 772 A.2d at 493.  Claimant is now only entitled to review in this Court by appealing the superior court's decision. Id.

8

¶ 19. Because we resolve this appeal on jurisdictional grounds, we express no opinion on whether (1) the proper causation standard presents a pure issue of law or a mixed issue of fact and law or (2) whether that question falls within the scope of the questions the Commissioner certified to the Chittenden Superior Court. Although claimant argues the Commissioner declined to certify the third proposed question because it presented a pure issue of law, the record is silent as to why the Commissioner declined to certify the question.

¶ 20. In sum, our answer to the first certified question is no. Because "[t]he rights to appeal . . . workers' compensation decisions are circumscribed by statute," Stoll, 2009 VT 61, ¶ 5, we do not have jurisdiction under § 672 when a party appeals to the superior court under § 670.

Appeal dismissed.

FOR THE COURT:

---

Associate Justice

¶ 21. **ROBINSON, J., dissenting.** I write separately for two reasons. First, although I agree with the majority's conclusion that the superior court now has jurisdiction of this case and, thus, we do not, the majority's narrow opinion does nothing to address the confusion surrounding appeals from the Commissioner's workers' compensation decisions. Second, given the lack of clarity in the law, the remedial nature of the workers' compensation statute, and the timely but reasonably misdirected appeal to this Court, I would transfer the remaining questions to the superior court to address in the context of claimant's appeal to that court. I expand on these points below.

¶ 22. "Statutory interpretation is not a game of blind man's bluff." Dole Food Co. v. Patrickson, 538 U.S. 468, 484 (2003) (Breyer, J., concurring in part and dissenting in part). Faced

9

with a bona fide case or controversy that exposes a gaping lack of clarity in a remedial statute, this Court should make our best effort to interpret the statute and provide legal guidance to litigants, lawyers, and judges (or in this case, administrative agency adjudicators), secure in the knowledge that if the Legislature concludes that we have gotten it wrong, it can amend the statute to more clearly effectuate its intent.

¶ 23. In this case, we are faced with a statutory framework that has confounded litigants and lawyers for quite some time. The statutes governing appeals of workers' compensation decisions authorize appeals from the Commissioner to the superior court for trial by jury. 21 V.S.A. § 670. These trials are "de novo," meaning the superior court determines the certified questions anew, in the same posture as the Commissioner. See Farris v. Bryant Grinder Corp./Wausau Ins. Co., 2005 VT 5, ¶ 10, 177 Vt. 456, 869 A.2d 131. In the context of these trials, the superior court is not bound by legal rulings made by the Commissioner in the administrative hearing. See Estate of George v. Vt. League of Cities & Towns, 2010 VT 1, ¶¶ 9-12, 187 Vt. 229, 993 A.2d 367. The jurisdiction of the superior court is limited by statute to "questions of fact or questions of fact and law." 21 V.S.A. § 671. If a timely appeal is not taken to the superior court, either party may appeal to this Court, but our jurisdiction is limited to a review of "questions of law" certified to us by the Commissioner. Id. § 672. Given this framework, what if a claimant or an employer wants to appeal a question of law and wants a jury trial on the facts and ultimate question? Did the Legislature intend to compel an election between the two appeal options, forcing litigants who want to take advantage of the statutory right to a jury trial to forego appeal of legal rulings? Did it intend that questions of law that arise in proceedings before the Commissioner be addressed in the context of jury trials in the superior court in cases in which litigants appeal factual questions as well? Or did the Legislature have some other framework in mind?

10

¶ 24.    This Court implicitly endorsed the second of these options in the case of Roethke v. Jake's Original Bar & Grill, 172 Vt. 555, 772 A.2d 492 (2001) (mem.).  In that case, a claimant who had been receiving either temporary total or permanent partial disability benefits for a work-related back injury for nearly a decade sought reimbursement for unpaid medical bills, recalculation of her average weekly wage, and an adjustment of her compensation rate.  On cross-motions for summary judgment, the department ruled that the claimant was not entitled to annual adjustments of her workers' compensation benefits.  Following an evidentiary hearing on the merits, the department issued an order determining the claimant's actual earnings during the twelve weeks prior to her injury (a determination that is, in turn, a factor in the calculation of the claimant's weekly benefit) and addressing the employer's responsibility for certain expenses. After the department entered final judgment on those rulings, the claimant appealed the legal ruling concerning her eligibility for annual adjustments to her weekly benefit to this Court pursuant to 21 V.S.A. § 672, and appealed the other factual determinations to the superior court pursuant to 21 V.S.A. §§ 670 and 671.  The Commissioner certified the legal question for review by this Court, and three other questions for determination by a jury in the superior court.  We ruled that an appeal to the superior court pursuant to §§ 670 and 671 and an appeal to this Court pursuant to § 672 were mutually exclusive remedies, and that an appeal to the superior court as provided in §§ 670 and 671 precludes appeal directly from the Commissioner to this Court as provided in § 672.  Roethke, 172 Vt. at 556, 772 A.2d at 493.

¶ 25.    At the same time, we rejected the suggestion that the claimant had to elect between a jury trial in the superior court and review of the Commissioner's legal ruling, implicitly acknowledging that she could have raised the legal question in the context of the appeal to the superior court, and the superior court could have decided it:

11

It is perhaps a result of claimant's attempt to bring two appeals, in two different tribunals, in this one case that the briefing in this case is so unclear. . . . [T]he issue presented in the certified question may have been rendered moot by the superior court's ruling in claimant's favor.

It does not appear that claimant raised in the superior court the same question of law certified to this Court by the commissioner. If that is the case, she has rendered the commissioner's judgment on this certified question of law final and controlling in this matter. Claimant would therefore be precluded from challenging the commissioner's previous judgment on the question upon entry of a new award.

Id. at 557, 772 A.2d at 493-94 (citations omitted). After Roethke, parties who sought to challenge legal rulings by the Commissioner and also wanted a jury trial in the superior court could reasonably assume that they could litigate all of their challenges—including legal challenges—in the context of the superior court proceeding, with the opportunity to appeal the superior court's judgment to this Court.[2]

¶ 26. We subsequently reinjected uncertainty into the law in the case of Stoll v. Burlington Electric Department, 2009 VT 61, 186 Vt. 127, 977 A.2d 1282. The claimant in Stoll filed a claim for workers' compensation benefits based on conditions that he alleged resulted from exposure to asbestos during his twenty-six years of employment at Burlington Electric. The Commissioner dismissed the claim on the basis that the statute of repose in the Occupational Disease Act barred the claim, and the claimant appealed to the superior court under § 671. Given

---

[2] For example, in the case of Crosby v. City of Burlington, the legal question at the core of the appeal was what standard applies in evaluating the compensability of a psychological injury arising out of and in the course of employment. 2003 VT 107, 176 Vt. 239, 844 A.2d 722. The Commissioner denied the claimant's claim based on a standard that the claimant challenged. On appeal for a de novo trial, the superior court applied a different legal standard in instructing the jury. This Court reversed. Id. ¶ 24. The Court's reasoning rested heavily on deference to the Commissioner, but this Court did not question the jurisdiction of the superior court to address the pivotal legal question in the context of the de novo trial. See id.

12

that the relevant facts were not in dispute, the superior court concluded on summary judgment that the applicability of a statute of repose to undisputed facts presented a pure question of law, and that the superior court accordingly did not have jurisdiction to address it. We affirmed. Id. ¶ 7.

¶ 27.    Nothing about our holding in Stoll is inconsistent with the proposition that a party who seeks review of both legal rulings and factual determinations by the Commissioner can appeal to the superior court for a jury trial, and the court can address both factual and legal challenges in that context; in Stoll, the only ruling the claimant sought to challenge on appeal was a pure question of law. But our discussion in that decision went further. Responding to the dissent's invocation of the above-quoted text from the Roethke decision, the majority said, "[T]he last paragraph of Roethke, upon which the dissent places heavy reliance, is purest dicta."[3] Id. ¶ 9. Because the claimant in Stoll appealed only a legal ruling, and did not seek a jury trial to relitigate any factual issues, the majority's dismissal of the Roethke discussion as dicta is itself, ironically, dicta. But dicta or not, it has reinjected uncertainty into the law, leaving parties who seek to appeal factual issues as well as what they perceive to be pure legal questions without a path forward.

¶ 28.    For that reason, I would not simply dismiss claimant's appeal for lack of jurisdiction; I would explain who does have jurisdiction in such circumstances so that the next party in claimant's situation is not forced to roll the dice, and the Commissioner and superior court have clear guidance concerning the jurisdictional framework for appeals from workers' compensation decisions. In particular, I would hold that if a party aggrieved by a decision of the Commissioner seeks to appeal only the Commissioner's legal determinations, the party should

---

[3] "Dicta," a shortened and pluralized form of the phrase "obiter dictum," refers to a "judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)." Obiter dictum, Black's Law Dictionary (11th ed. 2019).

appeal to this Court pursuant to 21 V.S.A. § 672. If the party seeks to appeal legal determinations as well as factual findings, the party should request a jury trial in the superior court pursuant to §§ 670 and 671, and the Commissioner should certify all factual and legal questions to the superior court. I base this interpretation on the plain language of the statute, as well as the structure and purposes of the workers' compensation laws.

¶ 29. The language of the statute is deceptive. Section 671 restricts the superior court's jurisdiction to "questions of fact or questions of fact and law." 21 V.S.A. § 671. The phrase "mixed questions of fact and law" is a legal term of art that is itself subject to varying applications. See U.S. Bank Nat'l Ass'n v. Village at Lakeridge, LLC, 583 U.S. __, __, 138 S. Ct. 960, 967 (2018) ("Mixed questions are not all alike."). But, the language of this statute refers simply to "questions of fact" or "questions of fact and law." 21 V.S.A. § 671. By its plain language, this statute expressly contemplates that appeals to the superior court may include legal questions ("questions of law") if accompanied by questions of fact.

¶ 30. This plain language understanding of the statute best aligns with the statute's purposes and overall structure. I see no evidence in the statutory scheme that the Legislature intended to limit appellate review of the Commissioner's decisions to either a jury trial to determine factual questions and mixed questions of fact and law or judicial review of legal determinations. The workers' compensation system is remedial, and we must construe the statutes "liberally so that injured employees receive benefits unless the law is clear to the contrary." Brown v. W.T. Martin Plumbing & Heating, Inc., 2013 VT 38, ¶ 19, 194 Vt. 12, 72 A.3d 346 (quotation omitted). In the absence of a clear legislative intent to do so, restricting an injured worker's appellate rights in this way would be plainly contrary to this guidance. See In re JSCL, LLC CU Permit, 2021 VT 22, ¶¶ 18-23, __ Vt. __, __ A.3d __ (concluding that literal interpretation of

14

statutory language in isolation would lead to irrational results, and construing provision in light of statutory scheme as a whole). Nor do I find support in the statutory scheme for a complex multi-stage process of appeal. The Legislature has expressly directed that in workers' compensation proceedings, "process and procedure . . . shall be as summary and simple as reasonably may be." 21 V.S.A. § 602(a). Given these considerations, the only way to understand the statutory language in a way that supports the statutory scheme as a whole is to conclude that the proper avenue for appealing the Commissioner's legal determinations where a party is also appealing factual determinations is to the superior court pursuant to §§ 670 and 671.[4]

¶ 31. That leads to my second point: the fact that, in the face of a muddled body of law, claimant guessed wrong in directing her appeal to this Court should not doom her effort to raise the legal question she seeks to argue.[5] The remedial workers' compensation statute is not a game of gotcha, and given claimant's timely filing of her notice of appeal raising the legal question she seeks to address on appeal, we should transfer the remaining certified questions to the superior court. See Stroup v. Doran, 2014 VT 92, ¶ 9, 197 Vt. 550, 109 A.3d 400 (noting that in context of

---

[4] Although, for the reasons set forth here, I believe the statute clearly does allow for litigation of "pure" legal questions in the context of an appeal to the superior court for a jury trial, the ongoing lack of clarity on this question threatens prejudice to injured workers and employers alike. I urge the Legislature to revisit the statute and make its intentions more clear.

[5] I do not assume that claimant will be barred from raising her legal issue in the superior court in the context of the jury trial. The Commissioner certified to the superior court for trial the question whether claimant's work-related injuries for her lower back and her knee contributed to her subarachnoid hemorrhage. In instructing the jury, the trial court will be required to determine what standard to apply in assessing causation. For that reason, it appears that resolution of the legal question of whether a standard of "plausibility" applies is part and parcel of the question that was certified to the superior court for de novo jury trial. But given the confused state of our law on this point, I also do not assume that claimant will be permitted to raise her legal claim in the superior court if we do not transfer the certified question to that court. Because the Court has not resolved the confusion in this decision, we may well see the question again in this case—this time in the context of an appeal from the superior court's judgment in the case.

default judgments, rules "should be liberally construed in favor of . . . the desirability of resolving litigation on the merits, to the end that fairness and justice are served" (quotation omitted)). Doing so would be consistent with our approach in similar cases in the analogous and similarly fraught context of appeals from the probate division. See, e.g., In re Peter Val Preda Trusts, 2019 VT 61, ¶¶ 8-9, 210 Vt. 607, 218 A.3d 27 (treating appeal from probate division to civil division that raised pure questions of law as having been filed with this Court rather than the civil division); In re Estate of Johnson, 158 Vt. 557, 560, 613 A.2d 703, 705 (1992) (transferring probate appeal involving more than a pure question of law from Supreme Court to superior court to avoid dismissal of appeal "which would be harsh and unjust due to appellant's likely reliance on our prior practice [of reviewing mixed questions of law and fact]"). For these reasons, although I agree with the majority that we do not have jurisdiction to reach the merits of claimant's legal challenge, I do not join in the mandate and respectfully dissent.

_____
Associate Justice